IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN M. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-352 GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| AMY W., and AMY B. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**I.   INTRODUCTION**

John M. Franklin ("Franklin") is presently incarcerated at the Sussex Correctional Institute ("SCI"), which is located in Georgetown, Delaware. On June 3, 2004, Franklin filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, he alleges that First Correctional Medical ("FCM"), Amy W., in her capacity as registered nurse, and Amy B., in her capacity as registered nurse, have violated his Eighth, Eleventh, and Fourteenth Amendment rights.

Presently before the court is Franklin's motion for appointment of counsel. For the following reasons, the court will deny the motion.

**II.   DISCUSSION**

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). Nevertheless, under certain circumstances, the court may in its discretion appoint an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1).

In *Tabron* and, again in *Parham*, the Third Circuit Court of Appeals articulated the standard

for evaluating a motion for the appointment of counsel filed by a *pro se* plaintiff. Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157); *accord Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981) (per curiam) (cited with approval in *Parham* and *Tabron*). Only if the court is satisfied that the claim is factually and legally meritorious should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list, of course, is illustrative and, by no means, exhaustive. *See id.* at 458. Nevertheless, it provides a sufficient foundation for the court's decision.

      **A.**      **The Factual and Legal Merit of Franklin's Case**

After reviewing the complaint, the court believes that Franklin's claims have arguable merit in both fact and law. Specifically, in his complaint, and other pleadings and letters filed with the court, Franklin alleges that he was provided with inadequate medical treatment because he was given Tylenol when he wasn't feeling well instead of being sent for an MRI. Franklin also alleges that he has had several "strokes," which have not been treated. (*See* D.I. 2, 4, 11, 21.) Thus, on the face of the pleadings, it appears that Franklin's claims have both legal and factual merit. At a minimum, Franklin's allegations seem to rise above the level of frivolity which would require the immediate dismissal of the case. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (recognizing that a "frivolous" complaint generally contains "inarguable legal conclusions" or "fanciful factual

allegations"); *Perkins v. New Jersey Department of Labor,* 154 F.R.D. 132, 133-34 (E.D. Pa. 1994) ("If a complaint is fanciful or describes 'fantastic or delusional scenarios,' then it is factually baseless. Further, if it states an inarguable legal conclusion, it lacks basis in law.") (citations omitted). The court will, therefore, evaluate the factors articulated in the *Parham* and *Tabron* decisions.

### B.    The Remaining *Parham* and *Tabron* Factors

As an initial matter, the court notes that Franklin made a request to proceed *in forma pauperis* on June 3, 2004. He was directed to pay a partial filing fee on June 18, 2004. Therefore, it would appear that Franklin is unable to afford legal representation. *Cf. Tabron*, 6 F.3d at 157 n.5 ("If counsel is easily attainable and affordabl[e to] the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court.") (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Nevertheless, the majority of factors weigh against Franklin's need for the appointment of counsel at this stage of the litigation process.

Notwithstanding his lack of formal schooling in the law and limited access to the law library, Franklin appears to be sufficiently capable of presenting this case without assistance. For example, in his complaint, other pleadings and letters, Franklin has clearly laid out the facts which he believes entitle him to relief. He also filed a letter to the court requesting an MRI and presented evidence on his behalf, as well as questioned FCM's medical witness, Dr. Roberta Burns, at a hearing which resulted from his letter submission.

Additionally, after reviewing the pleadings, the court does not believe that this case is either so factually or legally complex at the present time as to warrant the appointment of counsel. Many of the relevant facts are within Franklin's personal knowledge, and the tools of written discovery

should provide him with sufficient means to obtain the facts he requires to support his claims. *See, e.g.,* FED. R. CIV. P. 31 (written depositions); FED. R. CIV. P. 33 (interrogatories); FED. R. CIV. P. 34 (document requests); FED. R. CIV. P. 36 (requests for admissions). In this respect, the factual investigation needed in this matter does not appear so extensive at this stage as to warrant the appointment of counsel. Finally, it is unclear to the court whether Franklin's case will turn on credibility determinations, or require expert testimony. Thus, the court will deny his motion at this time.

## IV.    CONCLUSION

For the foregoing reasons, the court declines to appoint counsel at this stage in the litigation. The court, however, recognizes that as discovery proceeds, the factual or legal issues may become more complex than they presently appear. Thus, the appointment of counsel may become necessary at some later point in the ligation. *See Tabron*, 6 F.3d at 156 (recognizing that, under Section 1915, the court may *sua sponte* appoint counsel at "any point in the litigation"). If such need arises, the court will entertain a renewed motion for appointment of counsel at that time.

Therefore, IT IS HEREBY ORDERED that:

1.    Franklin's Motion for Appointment of Counsel (D.I. 13) is DENIED.


Dated: July 26, 2005                             /s/ Gregory M. Sleet
                                                 UNITED STATES DISTRICT JUDGE