IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN M. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-352 GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| AMY W., and AMY B. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On June 3, 2004, John M. Franklin ("Franklin") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that First Correctional Medical ("FCM"), Amy B., and Amy W., both registered nurses ("R.N.") working for FCM, failed to provide him with adequate medical treatment.

Presently before the court is FCM's, Amy B.'s, and Amy W.'s (collectively, "the defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court will grant the motion.

**II.   BACKGROUND**

Franklin is presently incarcerated at the Sussex Correctional Institute ("SCI"), which is located in Georgetown, Delaware. Franklin's complaint does not include any specific allegations or a statement of his claim. (*See* D.I. 2.) However, he has written several letters to the court (D.I. 11, 21) stating that his medical complaints are ignored by FCM employees, in violation of his Eighth, Eleventh, and Fourteenth Amendment rights. For example, one of Franklin's letters states

that "[w]hen [he] tells medical about [his] mishaps or not feeling good[,] [t]hey take [his] vitals and say take some more 'Tylenol.'" (D.I. 11.) Through his letters, it appears to the court that Franklin's claims regard the defendants' failure to provide adequate medical treatment, and the court will construe them as such.

On February 14, 2005, the defendants filed a motion to dismiss, contending that Franklin has failed to state a claim against them because he has not alleged any specific acts or conduct showing that they were deliberately indifferent to his serious medical needs, and because he has failed to exhaust his administrative remedies.

On June 2, 2005 Franklin filed a letter requesting medical help (D.I. 21), which the court styled as a motion for a preliminary injunction. The letter states that Franklin was dizzy, had pressure in his head, had numbness in his hands and feet, and spit up blood on several occasions. *Id.* The court, concerned with Franklin's statements, entered an Order (D.I. 22) directing the defendants to show cause, in person, why it should not grant the letter motion for a preliminary injunction.

On July 21, 2005, the court held a hearing on Franklin's preliminary injunction motion. Dr. Roberta Burns, M.D. ("Dr. Burns") testified on behalf of the defendants regarding Franklin's medical treatment. (*See* Transcript of Preliminary Injunction Hearing, dated July 21, 2005 ("Tr")).[1] During

---

[1] Dr. Burns testified that Franklin suffers from a condition known as atrial fibrillation that is triggered by abnormal electrical activity of the heart. (*Id.* 13:7-10.) In atrial fibrillation, the atrium is overwhelmed by the electrical activity of the heart and unable to contract. (*See id.* 13:11-22.) This causes a series of responses in the heart, including the development of clots in the atrium. (*Id.* 14:1-4.) While in atrial fibrillation, the clots remain sitting in the atrium. (*Id.* 14:4-5.) However, when a person "flip[s] back and forth between a normal heart rhythm and atrial fibrillation, [the] clot can be pushed out into circulation" and can cause a stroke, or a blood clot to the extremities or lungs. (*Id.* 14:5-12.) People who are prone to going in and out of atrial fibrillation are placed on Coumadin®, an anti-coagulant, in order to prevent blood clots from

the hearing, the court asked Franklin whether he was being treated on a regular basis and whether his sick call slips were being answered. (Tr. 30:18-24, 31:1-2). Franklin responded that he was being treated on a regular basis and that some of his sick call slips were being answered. (*Id.* 30:25, 31:3.) Based on Dr. Burns' testimony regarding Franklin's medical treatment and Franklin's responses to its questions, the court denied the motion without prejudice. (*Id.* 30:21-22, 38:16-20.)[2]

### III. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, in deciding a motion to dismiss, the factual allegations of the complaint must be accepted as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117

---

forming in the atrium and moving into circulation. (*Id.* 14:13-16.) Coumadin®, while helpful, is extremely difficult to administer, with many weeks of monitored trial and error required to determine the exact dosage for each individual person. (D.I. 26 ¶ 8.) According to Dr. Burns' testimony and affidavit, Franklin's dizziness, numbness, and complaints of stroke symptoms are minor side effects resulting from FCM's attempts to find his proper Coumadin® dosage. (Tr. at 20; Affidavit of Dr. Burns, attached to D.I. 26, at 4.)

[2] The court also indicated that its conclusion may have some impact on the motion to dismiss that is presently before it. (Tr. 30:18-22.)

3

F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Finally, since the plaintiff is a *pro se* litigant, the court has a special obligation to construe his complaint liberally. *Zilch v. Lucht*, 981 F.2d 694, 694 (3d Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### IV. DISCUSSION

In order to recover against the defendants, Franklin must show that he was deprived of a constitutional right by a person acting under the color of state law. *See, e.g., Groman v. Township of Manalpan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). In this case, it is clear that the defendants were acting under color of state law because, at the time of the alleged incidents, FCM was the health care provider for the Delaware correctional system, and Amy B. and Amy W. were employed as nurses at SCI, where Franklin was incarcerated. *See Cespedes v. Coughlin*, 956 F. Supp. 454, 465 (S.D.N.Y. 1997). Therefore, the court next turns to whether Franklin has sufficiently alleged that either of the defendants deprived him of a constitutional right.

The State of Delaware has an obligation to provide "adequate medical care" to the individuals who are incarcerated in its prisons. *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 672 (3d Cir. 1979) (citations omitted). To recover for the denial of medical care, Franklin must show that a prison official or employee was deliberately indifferent to his serious medical needs or acted with reckless disregard for his condition. *See Miller v. Correctional Medical Sys., Inc.*, 802

F. Supp. 1126, 1130 (D. Del. 1992). Thus, in order to withstand a motion to dismiss, a claim that prison authorities provided inadequate medical care in violation of Eighth Amendment protections must include acts or omissions by a defendant that evidence deliberate indifference towards serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (stating that to succeed on such claims, plaintiffs must demonstrate that: "(1) the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious.").

The deliberate indifference prong is met only if the prison official "knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rouse*, 182 F.3d at 197. The plaintiff must show a sufficiently culpable state of mind which demonstrates an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rouse*, 182 F.3d at 197. Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle*, 429 U.S. at 105-106. Nor can the claim rest solely on the prisoner's dissatisfaction with the medical care he has received. *Id.* at 107.

An inmate's condition is "serious" when it is so obvious that an ordinary person would easily recognize the need for a doctor's attention or when a physician has concluded that treatment is required. *See Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir.1987). The "seriousness" prong is met also if the effect of denying or delaying care results in wanton infliction of pain or a life-long handicap or permanent loss. *Id.* In addition, the "condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury

5

or death." *See Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir.1991).

With these standards in mind, the court turns to an analysis of Franklin's claims that the defendants deprived him of proper medical care. In his complaint and various letters filed with the court, Franklin does not contend that the defendants were personally involved in the medical care provided to him. In fact, other than the caption, Franklin's complaint does not mention FCM, Amy B., or Amy W. Thus, Franklin's claim against the defendants is premised on the doctrine of *respondeat superior*. It is well established, however, that absent some sort of personal involvement in the allegedly unconstitutional conduct, a §1983 defendant cannot be held liable under a *respondeat superior* theory. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir. 1994); *Gay v. Petsock*, 917 F.2d 768 (3d Cir. 1990). Because the complaint fails to allege any act or omission by any of the defendants, Franklin's claims against them must be dismissed.

Nonetheless, even if the court had determined that Franklin's claims were not premised on the theory of *respondeat superior*, it would still grant the motion to dismiss because Franklin has failed to demonstrate that the defendants acted with deliberate indifference to his serious medical needs. As discussed above, the court addressed Franklin's medical concerns at a preliminary injunction hearing, during which Dr. Burns testified regarding his atrial fibrillation, a progressive condition of the heart where the patient suffers from an irregular heartbeat that can cause serious complications if not properly monitored. Dr. Burns testified that Franklin was being monitored on a regular basis, and was last seen by her for chronic clinic on June 15, 2005. (Tr. at 19:4.) She also testified that Franklin "put a sick call slip in" and was seen by a nurse on July 1, 2005. (*Id.* 19:4-5.) Based on Dr. Burns testimony, the court concluded that it appeared Franklin's needs were being appropriately addressed by the defendants. (*Id.* 30:21-22.) Thus, although Franklin suffers from a

serious medical condition that can lead to complications, FCM and its employees are (and were) providing adequate medical care, in the form of monitoring and adjusting Franklin's Coumadin® levels, as well as responding to his sick call slips. As such, the court concludes that Franklin has not demonstrated that the defendants acted with deliberate indifference or reckless disregard for his condition and, therefore, will grant the motion to dismiss.[3]

Dated: September 12, 2005



UNITED STATES DISTRICT JUDGE

FILED
SEP 1 2 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[3] Having granted the defendants' motion to dismiss based on Franklin's failure to state a claim, the court need not address their argument regarding his failure to exhaust administrative remedies.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN M. FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-352 GMS |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| AMY W., and AMY B. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss (D.I. 18) is GRANTED.

2. The plaintiff's claims are dismissed without prejudice.

Dated: September 12, 2005



UNITED STATES DISTRICT JUDGE

FILED

SEP 1 2 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE